UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| JOSE ANTONIO VALDOVI BUSTOS, )<br>a/k/a Jose Antonio Valdovinos Bustos, )<br>a/k/a Jose Antonio Valdovinos-Busto, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL SEPANEK, *Warden*, )<br>)<br>    Respondent. ) | Civil Action No. 13-29-HRW<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Jose Antonio Valdovi Bustos,[1] an inmate confined in the Federal Correctional Institution in Ashland, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug conviction. [D. E. No. 1, amended at D. E. No. 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

---

[1]

The Bureau of Prisons identifies this petitioner as "Jose Antonio Valdovi Bustos." *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&ID Type=IRN&IDNumber=55006-019&x=107&y=31 (last visited on July 31, 2013). In this case, the petitioner identified himself as "Jose Antonio Valdovinos Bustos," but in prior federal proceedings discussed *infra*, he identified himself as "Jose Antonio Valdovinos-Busto." So that the petitioner's identification will correspond with the BOP's designation, the Clerk of the Court will be instructed to identify the petitioner in CM/ECF as "Jose Antonio Valdovi Bustos," and to list both "Jose Antonio Valdovinos Bustos" and "Jose Antonio Valdovinos-Busto" as alias designations for the petitioner.

2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Valdovi Bustos' petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Valdovi Bustos can not pursue his claims in a habeas corpus proceeding under § 2241.

## CRIMINAL CONVICTION AND PRIOR COLLATERAL CHALLENGES

On December 7, 2004, a federal grand jury in Georgia returned a Second Superseding Indictment charging Valdovi Bustos with conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana (Count One) and conspiracy to commit money laundering (Count Twenty-Six). *United States v. Valdovinos-Busto*, No. 1:03-CR-00493-ODE-AJB-7 (N. D. Ga. 2003) ("the Sentencing Court").[2] Valdovi-Bustos pleaded not guilty and proceeded to trial, but

---

[2] The federal criminal proceeding actually commenced on August 19, 2003, when the government filed an Information charging Valdovi-Bustos and thirty-two other defendants with

2

on March 22, 2005, the jury found him guilty on both counts. [D. E. No. 1643, therein] On November 28, 2005, Valdovi Bustos received a 280-month prison sentence on Count One, and a 240-month prison sentence on Count Twenty-Six, to run concurrently. [D. E. No. 1938 at 2, therein] On April 19, 2007, the Eleventh Circuit Court of Appeals affirmed his conviction. *United States v. Garcia-Jaimes*, 484 F.3d 1311 (11th Cir. 2007) Valdovi Bustos did not seek further direct review.

In August 2010, Valdovi Bustos filed a motion to vacate his sentence under this § 2255, in which he raised one ground for relief: that his sentence was imposed in violation of his Sixth Amendment right to confrontation, as stated in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S. Ct. 2527 (June 25, 2009). [D. E. No. 2333, therein] Valdovi Bustos alleged that at sentencing, he was denied the right to confront a government witness whose testimony linked him to international money laundering activities, which he claims violated his right to confront witnesses set forth in *Melendez-Diaz*;[3] that *Melendez-Diaz* was a new "fact" in the Eleventh Circuit, and that he only became aware of *Melendez-Diaz* in mid-September 2009.

---

committing various criminal offenses. [D. E. No. 1, therein]

[3]  *Melendez-Diaz* held at an analyst's affidavit concerning the results of a forensic analysis is not admissible at trial unless the analyst appears as a witness or, if unavailable, the defendant has previously had an opportunity to cross-examine the analyst. *Id.* 557 U.S. at 325-27.

3

[*Id.*, at unnumbered page 4, therein] The United States argued that the § 2255 motion should be dismissed as untimely.[4] [D. E. No. 2341]

On February 15, 2011, the Sentencing Court denied Valdovi-Bustos'§ 2255 motion as untimely. [D. E. No. 2369] The Sentencing Court stated that Valdovi Bustos' conviction became final on July 18, 2007, the date on which his time to seek a writ of *certiorari* in the United States Supreme Court expired (which was 90 days after the Eleventh Circuit Court of Appeals affirmed his conviction on April 19, 2007); that under 28 U.S.C. § 2255(f), Valdovi Bustos had one year from July 18, 2007 in which to file a motion challenging his sentence; but that Valdovi Bustos did not file his § 2255 motion until August 2010, more than three years after his conviction became final. [*Id.*, p. 5]

The Sentencing Court further determined that Valdovi Bustos had not established grounds for tolling the one-year statute of limitations period set forth in § 2255(f)(1), and that a court ruling in a case unrelated to a movant's case, such as *Melendez-Diaz*, did not qualify as "a newly discoverable fact" under § 2255(f)(4). [*Id.*, p. 6] Finally, the Sentencing Court denied Valdovi Bustos a certificate of

---

[4] The United States argued that (1) *Melendez-Diaz* did not create a new right that is retroactively applicable on collateral review; (2) confrontation rights do not apply to sentencing proceedings; and (3) *Melendez-Diaz* did not qualify as a "fact" under § 2255(f)(4). [D. E. No. 2341 at 5-6] In his reply, Valdovi-Bustos repeated his previous arguments and argued that defendants do have confrontation rights at sentencing. [D. E. No. 2356, at pp. 5-6]

4

appealability, stating that it "... was unwarranted because it is not debatable that this action is time barred." [*Id.*, p. 7]

In July 2011, Valdovi Bustos filed his first application to file a successive § 2255 motion. *In re: Jose Valdovinos-Busto*, No. 11-12995-E (11th Cir. 2011). Valdovi Bustos argued that he received ineffective assistance of counsel at trial because his counsel failed to inform him of a plea offer which the government made prior to trial, and that had he known of the plea offer, he would have accepted it. Valdovi Bustos also argued that the Sentencing Court court erred in determining the drug quantity applicable to him under the federal guidelines.

On July 20, 2011, the Eleventh Circuit denied Valdovi-Bustos' first application to file a second or successive § 2255 motion. [*Id.*, D. E. No. 2, therein] The appellate court determined that because Valdovi-Bustos' Sixth Amendment claim of ineffective assistance of counsel did not impact whether he was guilty or innocent of the underlying criminal offenses, it did not meet the requirements of § 2255(h)(1). [*Id.*, p. 2] The court further determined that because Valdovi-Bustos' other claim--challenging the manner in which his sentence was enhanced--did not rely on either a new rule of law or newly discovered evidence, the claim did not satisfy the criteria set forth in § 2255(h).

5

In September 2012, Valdovi Bustos filed a second application seeking the Eleventh Circuit's permission to file a successive § 2255 motion. *In re: Jose Valdovinos-Bustos*, No. 12-14526-E (11th Cir. 2012) Valdovi Bustos again argued that he received ineffective assistance of counsel because his counsel failed to inform him of a plea offer made by the government prior to trial, and that he would have accepted the plea offer if he had known about it. He alleged that because he instead went to trial and received a sentence twice as long as the sentence he would have received if he had accepted the plea offer, he was entitled to relief based on the new rules of constitutional law established in *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012).[5]

On September 19, 2012, the Eleventh Circuit denied Valdovi-Bustos' second application to file a second or successive § 2255 motion. [*Id.*, D. E. No. 2, therein] The Eleventh Circuit acknowledged that the Supreme Court did not directly address whether *Frye* and *Lafler* constituted new rules of constitutional law or applied

---

[5] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.*

retroactively, but noted that it had since held that neither case announced new rules of constitutional law; that both cases were dictated by *Strickland*; and that both cases merely applied the Sixth Amendment, as defined in *Strickland*, to specific factual contexts. [*Id.*, p. 2, citing *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012)].

The court next concluded that even if the government's letter offering the plea agreement constituted newly discovered evidence, it did not "demonstrate by clear and convincing evidence that no reasonable factfinder would have found him [Valdovi Bustos] guilty of the underlying offense because it relates only to his prior claim and alleged evidence showing that the government offered a plea agreement, and not to facts involving the underlying drug and money laundering conspiracies for which he was convicted." [*Id.*, at p. 3] For these reasons, the Eleventh Circuit held Valdovi Bustos had satisfied neither of the grounds set forth in § 2255 (h)(1) and (2).

## CLAIMS ASSERTED IN THE § 2241 PETITION

Valdovi Bustos alleges that his Fifth and Sixth Amendment rights were violated in numerous instances during his criminal proceeding. Valdovi Bustos alleges that his Sixth Amendment rights were violated because his counsel was ineffective for failing to inform him of the existence of the plea offer prior to trial, and that the Sentencing Court violated his Sixth Amendment rights by denying him his right to confront a witness who testified as to the type and quality of drugs at

7

issue. As to his Sixth Amendment ineffective assistance of counsel claim, Valdovi Bustos alleges that he is entitled to relief from his sentence under § 2241 based on the subsequently rendered *Frye* and *Lafler* decisions, which he contends apply retroactively to him. Valdovi Bustos again bases his Sixth Amendment witness confrontation claim on the *Melendez-Diaz* decision.

Valdovi Bustos further alleges that the Sentencing Court violated his Fifth Amendment right to due process of law by allowing two Drug Enforcement Agency ("DEA") officials to testify as experts; by finding facts pertaining to his criminal conduct which were not alleged in the indictment; and by enhancing his sentence under the federal sentencing guidelines based on facts not alleged in the indictment.

## DISCUSSION

Valdovi Bustos is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Valdovi Bustos challenges the constitutionality of his underlying federal conviction on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for

collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

None of Valdovi Bustos's Fifth and Sixth Amendment claims fall within the exception set forth in § 2255. Valdovi Bustos raised his Sixth Amendment witness

confrontation/*Melendez-Diaz* claim in his § 2255 motion, but as noted, the Sentencing Court denied his § 2255 motion as untimely--thus rejecting that particular issue-- finding that Valdovi Bustos § 2255 had waited three years too long to file his § 2255 motion. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012).

Valdovi Bustos can not use § 2241 as a vehicle merely to assert the same Sixth Amendment witness confrontation/*Melendez Diaz* claim which was decided adversely to him in the § 2255 proceeding. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Valdovi Bustos previously raised his other Sixth Amendment claim (alleged ineffective assistance of counsel) in not one, but two, applications seeking the Eleventh Circuit's permission to file second or successive § 2255 motions. In his

10

second such application, Valdovi Bustos cited *Frye* and *Lafler* as authority for his argument. The Eleventh Circuit denied both applications, explaining both times that the fact that Valdovi Bustos had subsequently discovered a letter containing the government's plea offer, which his counsel allegedly did not communicate to him, did not warrant the filing of a second or successive § 2255 motion because such a fact, even if true, did not pertain to the issue of whether Valdovi Bustos was guilty or innocent of the drug crimes of which he was convicted. In its September 2012 Order, the Eleventh Circuit further explained to Valdovi Bustos that under that circuit's precedent, neither *Frye* nor *Lafler* apply retroactively to cases on collateral review.

Clearly, Valdovi Bustos has had more than one bite at the apple on this particular Sixth Amendment claim, and the Eleventh Circuit has repeatedly refused to allow him to file successive § 2255 motions raising it. The fact that a petitioner has been denied permission to file successive § 2255 motions does mean that his remedy under § 2255 was inadequate or ineffective to challenge his federal conviction. *See Scruggs v. Snyder*, 41 F. App'x 829, 830 (6th Cir. 2002) ("Moreover, neither the denials of his § 2255 petition nor his requests to file second or successive motions to vacate render the remedy under § 2255 inadequate or ineffective."). Simply put, the fact that Valdovi Bustos has been unsuccessful in his

11

§ 2255 motion, and in subsequent proceedings seeking permission to file successive § 2255 motions, does not entitle him to relief under § 2241.

In his § 2241 petition, Valdovi Bustos also claims that the Sentencing Court violated his Fifth Amendment right to due process of law by making findings of fact which were not alleged in the indictment, by allowing the DEA agents to testify as experts and give hearsay testimony, and by improperly enhancing his sentence under the federal guidelines based on facts not alleged in the indictment. Valdovi Bustos either was, or should have been, aware of the facts giving rise to all of these Fifth Amendment claims by July 18, 2008, the date on which he would have been required to file a *timely* § 2255 motion in the Sentencing Court. Valdovi Bustos did not assert these claim in his untimely § 2255 motion, and he can not use § 2241 in order to assert various Fifth Amendment due process claims which he could and should have asserted, but failed to assert, in a *timely* § 2255 motion. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758.

Further, Valdovi Bustos unsuccessfully raised one of these claims in his first application to file a second or successive § 2255 motion, alleging therein that the sentencing court erred in making certain findings of fact which were not alleged in the indictment, *i.e.*, the drug quantity applicable to him under the federal guidelines.

The Eleventh Circuit rejected that claim, finding that it was not based on either a new rule of law or newly discovered evidence, the criteria for granting relief under § 2255(h). And as noted, an appellate court's denial of a motion to file a successive § 2255 motion does mean that the remedy under § 2255 was inadequate or ineffective to challenge a petitioner's federal conviction.

For the foregoing reasons, Valdovi Bustos has not established that his remedy under § 2255 was inadequate or ineffective to challenge his detention.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal

13

insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Valdovi Bustos contends that *Frye* and *Lafler* qualify as new rules of law which the Supreme Court has made retroactively applicable, and that they afford him relief from his sentence.

That assertion is incorrect for two reasons. First, as the Eleventh Circuit explained in both of its orders denying Valdovi Bustos' requests to file second or successive § 2255 motions, Valdovi Bustos can not base an "actual innocence" claim on *Frye* and *Lafler* because even assuming that his trial counsel did in fact fail to inform him of the government's plea offer, that failure does not equate into a finding that Valdovi Bustos was actually innocent of the drug and money laundering offenses of which he was convicted. Indeed, Valdovi Bustos was *not* actually innocent of these offenses because on direct appeal of Valdovi Bustos' conviction, the Eleventh Circuit determined that the evidence presented at trial sufficiently supported his conviction on the drug and money laundering counts. *See United States v.*

*Garcia-Jaimes*, 484 F.3d at 1321-22. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). Thus, Valdovi Bustos' Sixth Amendment ineffective assistance of counsel claim is one of legal innocence, not one alleging "actual" innocence of the drug and money laundering offenses of which he was convicted.

Second, the Eleventh Circuit previously explained that under the law of that circuit, *Frye* and *Lafler* are not new rules of law which the Supreme Court has made retroactively applicable. Four other circuit courts have also ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); and *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013). Based on this authority, this Court concludes that *Frye* and *Lafler* are not retroactively applicable to cases on collateral review because they do not announce a new constitutional rule. Thus, these cases do not support Valdovi Bustos' argument.

Finally, to the extent that Valdovi Bustos alleges that the Sentencing Court improperly enhanced his sentence under certain provisions of the federal guidelines,

his claim lacks merit. Federal courts in this and other circuits have consistently held that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. *Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

In summary, the burden is on the § 2241 petitioner to establish that the remedy under § 2255 was inadequate or ineffective. *Martin*, 319 F.3d at 804–05. Valdovi Bustos has neither carried his burden of showing that as to his Fifth and Sixth Amendment claims, his remedy under § 2255 was inadequate to challenge his federal conviction, nor established a claim of actual innocence. For these reasons, Valdovi

Bustos has not demonstrated that he is entitled to relief from his conviction under § 2241. Valdovi Bustos' petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall identify the petitioner on the CM/ECF cover sheet as "**JOSE ANTONIO VALDOVI BUSTOS**," and shall list the following names as alias designations for the petitioner: (a) "Jose Antonio Valdovinos Bustos," and (b) "Jose Antonio Valdovinos-Busto."

2. Jose Antonio Valdovi Bustos' 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1, as amended at D. E. No. 5] is **DENIED**;

3. The Court will enter an appropriate judgment; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This August 13, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge